Ellis Rudy v. Baker, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-04-00006-CV

     ELLIS RUDY,
                                                                              Appellant
     v.

     HEATH BAKER AND JANIS BAKER,
     INDIVIDUALLY AND AS NEXT FRIEND
     OF HER MINOR DAUGHTER, J.B.,
                                                                              Appellees
 

From the 12th District Court
Madison County, Texas
Trial Court # 03-10310-012-10
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellant has filed an unopposed motion to dismiss this accelerated appeal from a
temporary injunction because the appeal is now moot. See NCAA v. Jones, 1 S.W.3d 83, 86
(Tex. 1999). Accordingly, we grant the motion and dismiss the appeal for want of
jurisdiction. See Williams v. Lara, 52 S.W.3d 171, 185 (Tex. 2001).
                                                                   PER CURIAM
Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Appeal dismissed for want of jurisdiction
Opinion delivered and filed March 3, 2004
[CV06]



 The trial court could have reasonably concluded that, with respect to the door threshold, it
is unavailable for testing; that identity was not an issue in this case; and that a reasonable
possibility does not exist that Olson would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing.
      Olson argues that identity was at issue with respect to whose blood is on the shirt he wishes
to test. However, it is undisputed that it was Olson who fired the fatal shot. Olson suggests that
the identity of whose blood was on his shirt was undetermined and that, consequently, identity was
an issue. He also relates that his identity as a murderer or as an innocent, lawful shooter
protecting his home at night was an issue. The Texas Court of Criminal Appeals does not seem
to follow Olson’s definition of when identity is in issue. See Bell v. State, 90 S.W.3d 301, 308
(Tex. Crim. App. 2002). (where the appellant questioned his counsel’s effectiveness in not
adequately asserting that identity was an issue, court noted that since appellant confessed to the
murder his identity was not an issue). Inasmuch as identity was not in issue, the trial court did
not err in denying Olson’s motion. We also note that an exculpatory DNA test in this case would
not prove Olson’s innocence, but would merely “muddy the waters.” Kutzner v. State, 75 S.W.3d
427, 439 (Tex. Crim. App. 2002). We overrule Olson’s single issue.
      The court’s order denying Olson’s motion for forensic DNA testing is affirmed.

                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Chief Justice Davis,
      Justice Vance, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed July 30, 2003
Do not publish
[CRPM]